## IN THE MATTER OF THE CUSTODY OF CORRINE STEVENS.

MARY HNATEW, PLAINTIFF-RESPONDENT, v. JOHN STEVENS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Decided September 10, 1953.

Before Judges CLAPP, STANTON and WOODS.

*Mr. John E. Selser* for the defendant-appellant.

*Mr. Joseph W. Tumulty* for the plaintiff-respondent (*Mr. William E. Decker*, attorney), the petitioner on the application for rehearing.

PER CURIAM. Application is made by the plaintiff for a rehearing of the appeal upon a point which was presented neither here nor in the court below. Passing over such questions as are raised by the failure of the plaintiff to bring up the matter sooner, we address ourselves to the merits of the point now put forward.

Plaintiff urges upon us that the order of the Juvenile and Domestic Relations Court under review can be sustained by virtue of the power given to that court under *N. J. S.* 2A:4–18 to deal with matters of "temporary custody of children" concurrently with the Superior Court. This court, however, in its consideration of the case before rendering its opinion examined that statute and came to the conclusion that clearly the order could not be sustained under that statute.

The jurisdiction conferred upon the Juvenile and Domestic Relations Court to deal with matters of "temporary custody of children" concurrently with the Superior Court was first given to the court by *L*. 1946, *c*. 77, § 2, amending *R. S.* 9:18–14. Under the 1844 constitution of New Jersey, there was a question whether the former Court of Chancery had exclusive jurisdiction in connection with the award of *permanent* custody of children. *Herr, Marriage, Divorce and Separation (2nd ed.)*, § 511. *L*. 1946, *c*. 77, was in this respect so drawn as to avoid that question; that is to say, the Juvenile and Domestic Relations Court was given cognizance only of matters of temporary custody.

*N. J. S.* 2A:4–18 was a reenactment of that statute (which had been again amended by *L*. 1950, *c*. 337, though for present purposes the amendment is immaterial) and it carries with it the significance attaching to the statute in 1946. *L*. 1951, *c*. 344, § 6; *Crater v. County of Somerset*, 123 *N. J. L.* 407, 414 (*E. & A.* 1939). As we construe it, the phrase "temporary custody" has reference to custody for a short time. An award of temporary custody in the Juvenile and Domestic Relations Court may take care of a temporary problem, or it may take care of a permanent problem for a short time, incidentally affording the parties an opportunity to go into the Superior Court, if they wish, for permanent relief. Clearly the phrase has no reference to visits of one week-end a month for an indefinite period of time, such as were permitted by the order appealed from.

Application for rehearing denied.